IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALISHA STEWART,

                      Plaintiff,

  v.                                                       OPINION and ORDER

ANTHONY WANG and                                20-cv-179-jdp
AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, S.I.

                      Defendant.

---

      Plaintiff Alisha Stewart is a professional water skier who was injured during a practice session for the Mad-City Ski Team on Lake Delton, Wisconsin, in 2018. Stewart brings a negligence claim against defendant Anthony Wang, the driver of the boat. Wang moved for summary judgment on grounds that Stewart had signed a liability waiver for the ski team that barred her claim. Dkt. 22. The court denied the motion, concluding that Wisconsin law rather than federal admiralty law applied to Stewart's claim, and that under Wisconsin law, the liability waiver was unenforceable as a matter of public policy. Dkt. 53.

      Wang now moves under Federal Rule of Civil Procedure 54(b) for reconsideration of the court's choice-of-law determination. Dkt. 54. He asks the court to conclude that admiralty law rather than Wisconsin law applies to the claim, and to uphold the enforceability of the liability waiver under admiralty law principles. Rule 54(b) permits the court to revise an order any time before the entry of judgment. But the court will grant a motion under Rule 54(b) only when necessary to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir 1987). A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent."

*Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Wang has not provided any reason that would justify reconsideration, so the motion will be denied.

At summary judgment, the court concluded that Wisconsin law applied to Stewart's claim because it did not fall within the court's jurisdiction to hear admiralty and maritime cases. A court has admiralty jurisdiction over a tort action claim if: (1) the incident in question occurred on navigable waters; and (2) the activity giving rise to the incident has a connection with maritime activity and commerce. *Jerome B. Grubart, Inc.*, 513 U.S. at 534; *Weaver v. Hollywood CasinoAurora, Inc.*, 255 F.3d 379, 382, 395 (7th Cir. 2001). The court determined that Lake Delton was not a navigable body of water, so there was no admiralty jurisdiction over the case. Dkt. 53.

In his summary judgment reply brief, Dkt. 38, Wang had argued that the case was also subject to the court's admiralty jurisdiction because the liability waiver is a maritime contract, relying on *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 23 (2004). A contract case is within admiralty jurisdiction when: (1) the contract is maritime in nature; and (2) the case is not so "inherently local" that it makes sense to apply state law. *Id*. But the court concluded that Wang had forfeited the maritime contract issue because he failed to raise it in his opening brief. Dkt. 53.

Wang contends in his Rule 54 motion that he unambiguously raised the issue of admiralty contract jurisdiction in his opening summary judgment brief. Dkt. 54. The court disagrees. Wang devoted a substantial portion of his opening brief to the question of whether the liability waiver is enforceable under admiralty law. Dkt. 23, at 5–7, 9–12. But his argument that Stewart's claim is subject to admiralty jurisdiction in the first place is a meager six sentences. He merely stated that "the operation of recreational boats, including those pulling

2

water skiers, bears a significant relationship to traditional maritime activity," citing several maritime tort cases. Dkt. 23, at 3. From there, he went to his argument about the applicability of the waiver: he stated that the liability waiver applied to practices in addition to competitions; that the water ski events covered by the liability waiver take place throughout the United States; and that the liability waiver also covered international water ski events—all without citing law or explaining why this information mattered. He concluded that admiralty law, "which stresses uniformity with respect to the law, governs the analysis of the [liability waiver]." Dkt. 23, at 3.

Wang's opening brief did not use the term "maritime contract" or cite *Kirby*, the leading authority on admiralty contract jurisdiction. 543 U.S. 14. Rather, Wang's brief cites predominantly maritime tort cases and characterizes the case as a "tort action." *Id*. at 3–4. Wang did not explain that maritime contracts are within admiralty jurisdiction, apply the admiralty contract jurisdiction test, or articulate any legal standard for whether admiralty jurisdiction applies. Dkt. 23. Nothing in Wang's opening brief would have informed Stewart that Wang was arguing for admiralty jurisdiction on the ground that the liability waiver was a maritime contract. Not surprisingly, Stewart did not make a counterargument against that position in her opposition brief. Wang forfeited the argument.

Wang contends that his admiralty contract jurisdiction argument cannot be waived because the court has an independent duty to ensure that subject matter jurisdiction is proper. Wang has muddled a basic point. The court does have the obligation to ensure that it has subject matter jurisdiction, and the court did so here on the basis of diversity jurisdiction, the sole basis Wang asserted in his notice of removal. Dkt. 1. Arguments that the court *lacks* subject matter jurisdiction cannot be waived, but arguments *in support* of subject matter jurisdiction

3

can be. 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3522, at n.17 (3d ed.) ("Though subject matter jurisdiction cannot be established by waiver or estoppel, it can be defeated by them.").

Even if Wang had not forfeited the admiralty contract jurisdiction argument, it would fail for other reasons. First, Wang cites several cases that stand for the idea that a court can exercise supplemental admiralty jurisdiction over tort claims arising from the same set of facts as maritime contract claims. Dkt. 23, at 18. But there is no affirmative contract claim in this case; the liability waiver is only relevant to Wang's defense. Wang cites no authority that a contractual liability waiver can serve as a hook for admiralty jurisdiction over a tort case.

Second, even in his summary judgment reply, Wang did not demonstrate that the liability waiver meets the two-part test for contract admiralty contract jurisdiction. As for the first part of the test, a contract is maritime in nature if it refers to "maritime service or maritime transactions" and its principal objective "the protection of maritime commerce." *Kirby*, 543 U.S. at 15, 24–25. "The best guide to the contours of admiralty contract jurisdiction is often judicial precedent." T. Schoenbaum, Admiralty & Mar. Law § 3:10 Admiralty contract jurisdiction (6th ed.) (*citing Kossick v. United Fruit Co.*, 365 U.S. 731 (1961)). Wang does not cite any cases to support the idea that a national water ski organization's liability waiver deals with maritime service or transactions or serves to protect maritime commerce. The court is not aware of any closely analogous case.

As for the second part of the test, a dispute is inherently local if it implicates state or local interests so materially that state law should govern. *Kirby*, 543 U.S. at 27. When state interests cannot be accommodated without defeating federal interests, admiralty law should apply. *Id*. The determination involves a balancing of state and local interests with the need for

uniform interpretation of maritime contracts. *Id.* at 27. Wang contends in his summary judgment reply brief that the liability waiver is not inherently local because it covers national and international waterski events. But the inquiry should focus on the dispute in the case, which is the water ski accident, not hypothetical applications of the contract. And Wang doesn't address or acknowledge Wisconsin's interests in regulating recreational safety and waivers of liability within its borders, much less discuss how those interests are in tension with the need for uniform contract interpretation to protect maritime commerce. Wang has not demonstrated that the contract is maritime in nature and that the case is not inherently local. Wang's motion for reconsideration will be denied.

After the court issued its summary judgment decision, Stewart requested that the case caption be corrected to include ACE American Insurance Company as a defendant. Dkt. 56. The court previously accepted a stipulation to substitute the unnamed insurance company in the case with ACE American and American Family Mutual Insurance Company, Dkt. 44, but only American Family Mutual was added to the caption. The court will correct the caption to also include ACE American.

But this raises another issue. It does not appear that American Family Mutual or ACE American have been served or answered the complaint. The stipulation to substitute defendants indicates that Wang's attorneys are also representing the defendant insurance companies, but no notices of appearance have been filed on their behalf. Defendants may have until June 8, 2023, to file notices of appearance and Rule 7.1 notices for American Family Mutual and ACE American and to identify their citizenship of those parties.

ORDER

IT IS ORDERED that:

1. Defendant Anthony Wang's motion for reconsideration, Dkt. 54, is DENIED.

2. The clerk of court is directed to amend the caption to include ACE American Insurance Company as a defendant.

3. Counsel for defendants may have until June 8, 2023, file notices of appearance and Rule 7.1 notices for American Family Mutual Insurance Company and ACE American and to identify the citizenship of those parties.

Entered ___May 25_____, 2023.

                                  BY THE COURT:

                                  _____/s/_____
                                  JAMES D. PETERSON
                                  District Judge